# SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Plaintiff LUIS M. PAULINO CALDERON, ("Plaintiff") on the one hand, and TONY FRUITS & GROCERY CORP., FELIPE GARCIA, and JUNIOR TAVERAS, (the "Individual Defendants"), on the other hand, (collectively referred to as the "Litigation Defendants"), jointly and severally, their parents, subsidiaries, divisions, affiliates, successors, and related companies, and the officers, directors, shareholders, agents, trustees, employees, attorneys, and representatives of all of them (hereinafter referred to collectively as "Defendants" or "Company" or "Corporation").

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action 20 CV 1954 (LGS) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws; and

WHEREAS, Defendants deny all claims and allegations asserted by Plaintiff and deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: In consideration of this agreement, the defendants will make payments, according to the following schedule, with the proviso that if the due date in Paragraph 1(i) occurs before this action is dismissed with prejudice, then the payment will become due within 7 days of such dismissal and any subsequent installment payment will become due within one month of the previous payment:

   i. On or before June 1, 2021, the defendants will pay a total of $15,000.00, as follows:
      a. One check payable to Luis M. Paulino Calderon in the gross amount of $9,733.86;
      b. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $5,266.14, representing attorneys' fees and costs;
   ii. On or before July 1, 2021, the defendants will pay a total of $2,000.00, as follows:
      a. One check payable to Luis M. Paulino Calderon in the gross amount of $1,297.85;
      b. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $702.15, representing attorneys' fees and costs;
   iii. On or before August 1, 2021, the defendants will pay a total of $2,000.00, as follows:
      a. One check payable to Luis M. Paulino Calderon in the gross amount of $1,297.85;

    b. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $702.15, representing attorneys' fees and costs;
 iv. On or before September 1, 2021, the defendants will pay a total of $2,000.00, as follows:
    a. One check payable to Luis M. Paulino Calderon in the gross amount of $1,297.85;
    b. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $702.15, representing attorneys' fees and costs;
 v. On or before October 1, 2021, the defendants will pay a total of $2,000.00, as follows:
    a. One check payable to Luis M. Paulino Calderon in the gross amount of $1,297.85;
    b. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $702.15, representing attorneys' fees and costs;
 vi. On or before November 1, 2021, the defendants will pay a total of $2,000.00, as follows:
    a. One check payable to Luis M. Paulino Calderon in the gross amount of $1,297.85;
    b. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $702.15, representing attorneys' fees and costs;
 vii. On or before December 1, 2021, the defendants will pay a total of $2,000.00, as follows:
    a. One check payable to Luis M. Paulino Calderon in the gross amount of $1,297.85;
    b. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $702.15, representing attorneys' fees and costs;
 viii. On or before January 1, 2022, the defendants will pay a total of $2,000.00, as follows:
    a. One check payable to Luis M. Paulino Calderon in the gross amount of $1,297.85;
    b. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $702.15, representing attorneys' fees and costs;
 ix. On or before February 1, 2022, the defendants will pay a total of $2,000.00, as follows:
    a. One check payable to Luis M. Paulino Calderon in the gross amount of $1,297.85;
    b. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $702.15, representing attorneys' fees and costs;
 x. On or before March 1, 2022, the defendants will pay a total of $2,000.00, as follows:
    a. One check payable to Luis M. Paulino Calderon in the gross amount of $1,297.85;
    b. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $702.15, representing attorneys' fees and costs;
 xi. On or before April 1, 2022, the defendants will pay a total of $2,000.00, as follows:
    a. One check payable to Luis M. Paulino Calderon in the gross amount of $1,297.85;
    b. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $702.15, representing attorneys' fees and costs;

Except as set forth above, each side shall, bear its own fees and costs.

   In the event of an audit of Defendants by any taxing authority regarding payments to Plaintiff, Plaintiff shall indemnify and hold Defendants harmless for any failure of Plaintiff to pay taxes on payments designated as liquidated damages received from Defendants pursuant to this Agreement.

   2.  <u>Release and Covenant Not To Sue</u>: Plaintiff, on behalf of himself, and his spouse, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquish, release, and waive all possible charges, complaints, causes of action, liabilities,

obligations, demands, contract rights, and claims against each of the Defendants and their (as applicable) respective, parent companies, subsidiaries, divisions, related or affiliated companies, spouses, heirs, executors, testators, representatives, predecessors, successors or assigns, or their current or former trustees, representatives, employees, agents, attorneys, shareholders, officers, directors, and sole proprietors (the "Releasees"), based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) relating to or arising out of wages, hours, overtime, prevailing wages, or wage deductions, (b) arising under or for alleged violation of the Fair Labor Standards Act (the "FLSA") and/or the New York Labor Law ("NYLL"), (c) arising under any actual or alleged express or implied contract, or under any common law or for any tort, in regard to work hours overtime, and/or payment of wages. This release and waiver includes any claim for attorneys' fees, expenses and costs in connection with any of the claims released hereby. This waiver and release includes all claims described above either presently known or unknown by Plaintiff. (The above shall be collectively referred to as "Released Claims").

       3.     <u>Breach</u>: In the event Plaintiff does not receive the settlement payment, the Court shall retain jurisdiction to enforce the terms of this agreement and by letter motion by counsel for Plaintiff, shall enter judgment against Defendants for $52,500.00 minus any amounts paid. Defendants will be given five (5) business days to cure a defaulted payment from the date upon which Defendants' attorneys are notified of the default by mail and email to Defendants' counsel.

       4.     <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

       5.     <u>Return of all Property</u>: Plaintiff represents that he has returned to Defendants all Company property and any "Company Information" including, without limitation, mailing lists, reports, client lists, employee lists, files, memoranda, records and software, computer, door and file keys, security access codes, computer access codes or disks and other physical or personal property which Plaintiff received, prepared or helped prepare, or otherwise came in contact with and that Plaintiff will not retain any copies, duplicates, reproductions or excerpts thereof. The term "Company Information" as used in this Agreement includes but is not limited to: (a) confidential information of the Company including, without limitation, information received from third parties under confidential conditions; and (b) other financial information or trade secrets, and processes of the Company, the use or disclosure of which might reasonably be construed to be contrary to the interests of the Company or its affiliates and other related companies.

       6.     <u>Employment References</u>: Any request for a reference with respect to Plaintiff will be referred to the Company. The Company will limit any response to confirming Plaintiff's titles and dates of employment, and shall further state that in accordance with the Company's policy, no further information can be provided beyond this neutral reference.

       7.     <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

8. <u>Acknowledgment</u>: Plaintiff and Defendants acknowledge that they have been fully and fairly represented by counsel in this matter.

9. <u>Notices</u>:  Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and facsimile transmission thereof.  Notice hereunder shall be delivered to:

| To Plaintiffs: | To Defendants: |
|---|---|
| Justin A. Zeller, Esq. | Jian Hang, Esq. |
| Law Office of Justin A. Zeller, P.C. | Hang & Associates, PLLC |
| 277 Broadway, Suite 408 | 13620 38th Ave, Suite 10G |
| New York, NY 10007 | Flushing, NY  10065 |
| jazeller@zellerlegal.com | jhang@hanglaw.com |

10. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties' consent and stipulate to the exclusive personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

11. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable. A failure by Plaintiffs to execute a valid and enforceable release within twenty-one (21) days of Defendants request shall result in Plaintiffs' full return to Defendants of the full Settlement Amount paid under this Agreement.

12. <u>Release Notification and Withdrawal</u>:

a. Defendants advise Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel. Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that they make this decision after careful thought, and after an opportunity to consult with their attorneys.

b. Plaintiff acknowledges that he has been given an opportunity to consider this Agreement for at least twenty-one (21) days, and that they fully understand and agree to all of its terms.

13. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts

together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

      14.    <u>Mutual Non-Disparagement</u>. Plaintiff promises, covenants and agrees not to make, or cause to be made, directly or indirectly, to any person or entity, including, but not limited to, the press, media, or Defendants' employees, customers, business partners, suppliers, vendors or candidates for employment, any written, electronic (including social media) or oral statements about Company or any of the Releasees that may defame, disparage, criticize, or in any way injure any of Defendants, or any of their services, reputation, goodwill, financial status, or business relationships; provided that the foregoing provision is not intended to prevent Plaintiff from providing truthful and accurate information in response to enforceable legal process, court order and/or similar process from a judicial, administrative or regulatory body of competent jurisdiction, or from having otherwise lawful communications with her spouse or financial, accounting, legal or tax advisors.  Truthful statements about the Parties' experiences in litigating their claims and defenses herein under the Fair Labor Standards Act shall not be deemed disparaging.

      14.2    The Parties agree that any breach of this Section shall be determined by a Court of competent jurisdiction.  In addition, the Parties agree the prevailing party, in connection with any action brought for violations of this Paragraph 14, shall be entitled to reasonable attorneys' fees and costs approved by the court in such action, proceeding, or lawsuit.  All of the Parties' obligations under this Agreement, including, but not limited to, the releases and waivers set forth herein, shall remain in full force and effect, despite any breach or alleged breach of this Section or any other provision of this Agreement.

      14.3    Defendants agree that FELIPE GARCIA and JUNIOR TAVERAS shall not disparage Plaintiff, or issue any communication, written or otherwise, that reflects adversely on or encourages any adverse action against Plaintiff, except if testifying truthfully under oath pursuant to any lawful court order or subpoena or otherwise responding to or providing disclosures required by law or other legitimate business reason. This includes any statement to or response to an inquiry by any member of the press or media, whether written, verbal, electronic, or otherwise.

      15.    <u>Judicial Review/Dismissal of the Litigation</u>.  Contemporaneously with the execution of this Agreement, the parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal dismissing the Action with prejudice in a form substantially similar to Exhibit A to this Agreement, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement.  The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

      (b)    In the event that, for any reason, any FLSA or NYLL claim brought by or on behalf of Plaintiff contained in a complaint, grievance, suit, action, charge, claim or proceeding existing as of the date of this Agreement is not wholly and finally dismissed with prejudice, (i) Plaintiff authorizes Defendants to obtain dismissal thereof; (ii) Plaintiff shall not testify, provide documents, or otherwise participate in any litigation or investigation arising therefrom, except as compelled by subpoena or law or provided herein; (iii) Plaintiff shall indemnify and shall hold Defendants harmless against and will not obtain or accept on their behalf any recovery or relief in or from any such proceeding; and, (iv) Plaintiff shall reimburse Defendants for the legal fees

and costs incurred defending any claim, action or proceeding initiated by Plaintiffs against Defendants.

16. No Pending Claims. Plaintiff hereby represents that other than the Litigation, he has no pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the Released Claims against any of the Releasees with any federal, state or local administrative agency, judicial tribunal, arbitration tribunal or otherwise.

THERFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 05/17/21

*LuisPc*
Luis Manuel paulino calderon (May 17, 2021 16:27 EDT)
LUIS M. PAULINO CALDERON

Dated: _____

_____
FELIPE GARCIA

Dated: _____

_____
JUNIOR TAVERAS

Dated: _____

_____
TONY FRUITS & GROCERY CORP.
BY:_____
Title:_____

6

Defendants.                    any claim, action or proceeding initiated by Plaintiffs against

16. <u>No Pending Claims</u>. Plaintiff hereby represents that other than the Litigation, he has no pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the Released Claims against any of the Releasees with any federal, state or local administrative agency, judicial tribunal, arbitration tribunal or otherwise.

**THERFORE**, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____                    _____
                                          LUIS M. PAULINO CALDERON

Dated: 5-17-2021                          _____
                                          FELIPE GARCIA

Dated: 5/16/2021                          _____
                                          JUNIOR TAVERAS

Dated: 5/16/2021                          _____
                                          TONY FRUITS & GROCERY CORP.
                                          BY: Junior Taveras
                                          Title: President

6